**George Stewart**, on behalf of himself and others similarly situated,

        Plaintiff,

v.

**Texas Tech University Health Sciences Center**, et al.,

        Defendants.

Case No. 5:23-cv-00007-H

## PLAINTIFF'S BRIEF IN OPPOSITION TO TEXAS TECH DEFENDANTS' MOTION TO DISMISS

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
Reed D. Rubinstein*
D.C. Bar No. 400153
Andrew J. Block*
Virginia Bar No. 91537
Nicholas R. Barry*
Tennessee Bar No. 031963
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
andrew.block@aflegal.org
nicholas.barry@aflegal.org

Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

\* admitted *pro hac vice*

*Counsel for Plaintiff and Proposed Class*

# TABLE OF CONTENTS

Table of contents ................................................................................................. i

Table of authorities ............................................................................................. ii

    I.  Stewart has alleged the elements of Article III standing ............................ 1

        A.  Stewart has alleged injury in fact ......................................................... 2

        B.  Stewart has alleged that his injuries are fairly traceable to allegedly unlawful conduct of the Texas Tech defendants ...................................... 4

        C.  Stewart has alleged that his injuries are likely to be redressed by the relief that he is requesting ..................................................................... 6

    II.  Stewart has alleged a claim on which relief may be granted ......................... 8

Conclusion ........................................................................................................ 11

Certificate of service ......................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 2

*Carney v. Adams*, 141 S. Ct. 493 (2020) ................................................................ 8

*Erickson v. Pardus*, 551 U.S. 89 (2007) ................................................................. 2

*Federal Election Commission v. Ted Cruz for Senate*,
    142 S. Ct. 1638 (2022) ........................................................................................ 6

*Grutter v. Bollinger*, 539 U.S. 306 (2003) ..................................................... 2, 3, 5

*Heckler v. Mathews*, 465 U.S. 728 (1984) .............................................................. 7

*Jackson v. Wright*, -- F.4th ----, 2023 WL 5992750 (5th Cir.) ............................. 10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................. 6

*Manhattan Community Access Corp. v. Halleck*,
    139 S. Ct. 1921 (2019) ..................................................................................... 1, 9

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507 (5th Cir. 1980) ........................ 4

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ........................ 5, 9

*Northeast Florida Chapter of Associated General Contractors of
    America v. City of Jacksonville*, 508 U.S. 656 (1993) ............................ 2, 3, 5, 7

*Rotkiske v. Klemm*, 140 S. Ct. 355 (2019) .............................................................. 3

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard
    College*, 143 S. Ct. 2141 (2023) ........................................................................ 8

*Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) ................................................ 6

**Statutes**

42 U.S.C. § 1981 ....................................................................................................... 8

42 U.S.C. § 1983 ....................................................................................................... 9

42 U.S.C. § 2000d-7(a)(1) ...................................................................................... 10

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................... 2, 3

A plaintiff needs only to *allege* standing and a claim on which relief may be granted at the motion-to-dismiss stage, and all factual allegations in the complaint must be assumed true. *See Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1927 (2019) ("Because this case comes to us on a motion to dismiss, we accept the allegations in the complaint as true."). The allegations in Stewart's complaint easily surmount the defendants' jurisdictional and merits objections at this stage of the litigation.

## I. Stewart Has Alleged The Elements Of Article III Standing

The Texas Tech defendants claim that Stewart fails to even *allege* Article III standing in his complaint. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 3 (describing their Rule 12(b)(1) motion as a "facial" rather than a "factual" attack on this Court's subject-matter jurisdiction). But each of the elements of Article III standing is alleged in paragraphs 50 through 52 of Stewart's complaint:

> 50. Mr. Stewart intends to reapply to each of the six defendant medical schools, and he stands "able and ready" to do so. *See Carney v. Adams*, 141 S. Ct. 493, 499–500 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 261 (2003); *Northeast Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

> 51. But the race and sex preferences that the defendants have established and enforce prevent Mr. Stewart from competing on equal terms with other applicants for admission to these medical schools because Mr. Stewart is a white male. *This inflicts injury in fact. See Gratz*, 539 U.S. at 261; *Jacksonville*, 508 U.S. at 666.

> 52. This injury is *caused by the defendants' use of race and sex preferences* in student admissions, and it will be *redressed by a declaratory judgment and injunction* that bars the defendants from considering or discriminating on account of race or sex when admitting students to the medical schools.

Complaint, ECF No. 1, at ¶¶ 50–52 (emphasis added). The Texas Tech defendants' insistence that Stewart has nonetheless failed to allege injury in fact, traceability, and redressability is untenable.

A.  **Stewart Has Alleged Injury In Fact**

Stewart specifically describes the injury in fact that he seeks to remedy in this lawsuit. He alleges that he has been and continues to be "prevent[ed] . . . from competing on equal terms with other applicants for admission to these medical schools because [he] is a white male." Complaint, ECF No. 1, at ¶ 50. That indisputably describes an Article III injury. *See Grutter v. Bollinger*, 539 U.S. 306, 327 (2003) ("Whenever the government treats any person unequally because of his or her race, that person has suffered an injury."); *Northeastern Florida Chapter, Associated General Contractors of America v. Jacksonville*, 508 U.S. 656, 666 (1993) ("The injury-in-fact in an equal protection case of this variety is the denial of equal treatment.").

Yet the Texas Tech defendants claim that Stewart has failed to allege an Article III injury because he did not "allege specific facts showing any such concrete or actual injury, beyond mere conjecture." Texas Tech Mot. to Dismiss, ECF No. 33, at 7. But a complaint does not need to "allege specific facts." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] complaint . . . does not need detailed factual allegations"); *id*. at 570 ("[W]e do not require heightened fact pleading of specifics"); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) ("Specific facts are not necessary"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations"). Specific facts are required only when alleging fraud and mistake. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Everything else—including accusations of race and sex discrimination—may be alleged generally. *See id.* ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Nor is there is nothing wrong with relying on "conjecture," as every factual allegation must be assumed true at the motion-to-dismiss stage. *See Rotkiske v. Klemm*, 140 S. Ct. 355, 359 n.1 (2019) ("[W]e assume the truth of the facts alleged in [the] operative complaint."). The Texas Tech defendants deny that the statistical evidence in the complaint proves intentional race and sex discrimination,[1] but proof is not required to survive a motion to dismiss. A mere allegation that the defendants discriminate on account of race and sex is all that is needed at this stage of the litigation, and the allegation does not need to be supported by *any* statistical data because it must be assumed true.

The Texas Tech defendants are also wrong to claim that Stewart "relies solely on statistical data to infer an alleged injury." Texas Tech Mot. to Dismiss, ECF No. 33, at 7. The complaint goes beyond statistical evidence by alleging that the defendant medical schools, "along with nearly every medical school and university in the United States," use "affirmative action" in student admissions by giving discriminatory preferences to females and non-Asian minorities at the expense of white and Asian men. Complaint, ECF No. 1, at ¶ 33; *see also id.* at ¶ 60 ("Each of the defendants is violating Title VI and Title IX by discriminating in favor of female, black, and Hispanic applicants for admission and against whites, Asians, and men."). That statement must be assumed true at this stage of the litigation, and it describes an injury in fact. *See Grutter*, 539 U.S. at 327; *Northeastern Florida*, 508 U.S. at 666. The complaint also cites additional data showing how all medical schools throughout the United States allow blacks and Hispanics to matriculate with significantly lower grade-point averages

---

1. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 7.

and MCAT scores than their white and Asian matriculants. *See id.* at ¶ 33 & n.1 (citing Mark J. Perry, *New Chart Illustrates Graphically the Racial Preferences for Blacks, Hispanics Being Admitted to US Medical Schools*, American Enterprise Institute, available at https://bit.ly/3Qp0RZQ).

Finally, Stewart is not claiming or arguing that "a medical school should admit applicants based solely, or even primarily, on their MCAT scores." Texas Tech Mot. to Dismiss, ECF No. 33, at 7; *see also id.* at 8 (citing Tex. Educ. Code Ann. § 51.842(b)). A medical school may use any admissions criteria that it wishes, so long as it does not discriminate on account or race or sex, or any other characteristic covered by federal anti-discrimination law.

Stewart alleges that the defendants have discriminated against him on account of his race and sex—and that they will continue to do so unless enjoined by this Court. That is all that is needed to allege Article III injury in fact.

### B. Stewart Has Alleged That His Injuries Are Fairly Traceable To Allegedly Unlawful Conduct Of The Texas Tech Defendants

Stewart has also alleged that his injuries are "caused by the defendants' use of race and sex preferences in student admissions." *See* Complaint, ECF No. 1, ¶ 52 ("This injury is caused by the defendants' use of race and sex preferences in student admissions."). This allegation must be assumed true when deciding a "facial" motion to dismiss under Rule 12(b)(1). *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) ("A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.").

Stewart does not need to show that the differences in test scores among admitted students proves or even suggests that the Texas Tech defendants are using race or sex in student admissions. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 9 (complaining that Stewart "has not alleged any facts showing how a mere difference in test

scores could possibly support an inference that race and sex must have been used to make admission decisions."). All Stewart needs to do is *allege* that the Texas Tech defendants are using race and sex preferences,[2] and that their use of these discriminatory preferences caused his discriminatory-treatment injury.[3]

Nor is Stewart required to allege that any of the Texas Tech defendants "specifically denied *his* application because of his race or sex." *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 10 (complaining that "Stewart has not alleged that any individual at TTUHSC specifically denied his application because of his race or sex."). Stewart needs only to allege that the defendants' use of race and sex preferences placed (and places) him at a competitive disadvantage,[4] and Stewart will have standing to remedy those injuries even if the use of affirmative action made no difference in the ultimate disposition of his application. The relevant injury is not Stewart's denial from the medical school, but the fact that the defendants counted his race and sex counted against him when he applied—and that they will do so again in the absence of judical relief.

Finally, Stewart need not allege that the Texas Tech defendants have a "policy" that "promotes or permits" race or sex preferences in student admissions. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 10. Stewart is not suing a municipality, so there is no requirement to allege or show that his injuries were caused by a formal "policy" or custom. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

---

2. *See* Complaint, ECF No. 1, at ¶ 60 ("Each of the defendants is violating Title VI and Title IX by discriminating in favor of female, black, and Hispanic applicants for admission and against whites, Asians, and men.").
3. *See* Complaint, ECF No. 1, at ¶ 52 ("This injury is caused by the defendants' use of race and sex preferences in student admissions.").
4. *See Grutter*, 539 U.S. at 327 ("Whenever the government treats any person unequally because of his or her race, that person has suffered an injury."); *Northeastern Florida Chapter*, 508 U.S. at 666 ("The injury-in-fact in an equal protection case of this variety is the denial of equal treatment.").

### C. Stewart Has Alleged That His Injuries Are Likely To Be Redressed By The Relief That He Is Requesting

Stewart needs only to allege (and not prove) that his discriminatory-treatment injuries are "likely" to be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (citation and internal quotation marks omitted)). Redressability analysis must assume that Stewart will prevail on the merits, and ask only whether the requested relief is "likely" to remedy the alleged injuries. *See Federal Election Commission v. Ted Cruz for Senate*, 142 S. Ct. 1638, 1647 (2022) ("For standing purposes, we accept as valid the merits of appellees' legal claims").

Stewart's past discriminatory-treatment injuries will be redressed by an award of nominal or compensatory damages, which Stewart has specifically requested. *See* Complaint, ECF No. 1, at ¶ 86(f) (requesting "an award of nominal, compensatory, and punitive damages"). The Texas Tech defendants do not (and cannot) deny that an award of damages will redress the past discriminatory-treatment injuries that Stewart has alleged. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 802 (2021) ("[A] request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right.").

The Texas Tech defendants deny only that an injunction will be capable of redressing Mr. Stewart's *prospective* Article III injuries. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 5 (claiming that Stewart "has not alleged any facts showing how his requested injunction would affect his own attempt(s) to gain admittance"). But Stewart does not need to allege or show that his proposed injunction will "affect" his attempt to win admission to the medical school; the requested injunction needs only to remove the discriminatory treatment of which he complains:

> When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of

another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. The 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.

*Northeast Florida Chapter*, 508 U.S. at 666; *see also Heckler v. Mathews*, 465 U.S. 728, 740 (1984) ("[W]hen the "right invoked is that of equal treatment," the appropriate remedy is a mandate of *equal* treatment"). Stewart has alleged that the Texas Tech defendants will hold his race and sex against him when he re-applies, and that the requested injunction will prevent them from doing so:

> [T]he race and sex preferences that the defendants have established and enforce prevent Mr. Stewart from competing on equal terms with other applicants for admission to these medical schools because Mr. Stewart is a white male. . . . This injury . . . will be redressed by a declaratory judgment and injunction that bars the defendants from considering or discriminating on account of race or sex when admitting students to the medical schools.

*See* Complaint, ECF No. 1, at ¶¶ 51–52. Nothing more is needed to allege redressability at this stage of the litigation.

Stewart does not need to allege or show that the defendants "specifically considered his race or sex in denying his own medical school application." Texas Tech Mot. to Dismiss, ECF No. 33, at 5. Nor does he need to allege or prove that the requested injunction would cause him to be admitted (or improve his chances of admission). *See Northeast Florida Chapter*, 508 U.S. at 666; *Heckler*, 465 U.S. at 740. And he does not need to allege a "policy" that promotes or permits race or sex discrimination in admissions. *See supra* at p. 5. All he needs to allege is that the defendants are considering race and sex in medical-school admissions, and that the requested injunction will stop them from doing so.

Finally, the Texas Tech defendants cannot defeat standing by denying that they use race in their admissions decisions,[5] because Stewart has alleged otherwise and his allegation must be accepted as true. *See* Complaint, ECF No. 1, at ¶ 33 ("Each of the defendant medical schools . . . discriminates on account of race and sex when admitting students by giving discriminatory preferences to females and non-Asian minorities, and by discriminating against whites, Asians, and men."). Nor can the defendants defeat standing by invoking the Supreme Court's decision in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 143 S. Ct. 2141 (2023), as standing is determined at the moment a lawsuit is filed and the *Students for Fair Admissions* ruling post-dates the filing of the complaint. *See Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("[S]tanding is assessed 'at the time the action commences'" (quoting *Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 191 (2000)). Stewart is also suing to eliminate sex discrimination in student admissions, which was not at issue in *Students for Fair Admissions.*

## II. Stewart Has Alleged A Claim On Which Relief May Be Granted

Stewart has alleged that each of the defendants discriminates on account of race and sex in medical-school admissions. *See* Complaint, ECF No. 1, at ¶ 33 ("Each of the defendant medical schools . . . discriminates on account of race and sex when admitting students by giving discriminatory preferences to females and non-Asian minorities, and by discriminating against whites, Asians, and men."). These allegations, if true, violate federal anti-discrimination laws, including Title VI, Title IX, 42 U.S.C. § 1981, and the Equal Protection Clause. The Texas Tech defendants do not argue that federal law allows them to give discriminatory preferences to women and non-

---

5. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 6 n.1 ("Stewart has no controversy against the Texas Tech Defendants, since they do not use race in their admission decisions").

Asian racial minorities when admitting students, and no such claim could be sustained given the text of the relevant statutes and the Supreme Court's ruling in *Students for Fair Admissions*. The defendants also do not deny that these federal anti-discrimination laws allow victims of illegal discrimination (such as Stewart) to sue for relief.

Instead, the Texas Tech defendants reiterate their complaint that Stewart has not alleged the existence of a "policy" that authorized or allowed these discriminatory admissions practices. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 11 ("Stewart does not allege that the Texas Tech Defendants had any policy that permitted consideration of race or sex in their admission decisions."). But Stewart does not need to allege or show the existence of a "policy" because he is not suing a municipal corporation under 42 U.S.C. § 1983. *See Monell*, 436 U.S. 658. The Texas Tech defendants also say that Stewart's accusations of race and sex discrimination are "speculative" and lack "facial plausibility,"[6] but Stewart's allegations must be assumed true at this stage of the litigation,[7] and the statistical evidence in his complaint is more than enough to satisfy the "plausibility" standard of *Twombly* and *Iqbal*. Everyone knows that universities and medical schools throughout the United States use racial preferences in student admissions and openly defend their use. *See, e.g.*, Brief for Amici Curiae Ass'n of American Medical Colleges, et al. in Support of Respondents, *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College* and *Students for Fair Admissions, Inc. v. University of North Carolina*, 143 S. Ct. 2142 (Nos. 20-1199 & 21-707) at 8 (defending racial preferences in medical-school admissions on the ostensible ground that "diversity is vital to healthcare outcomes"). It is surely "plausible" to allege that Texas Tech's school of medicine was conferring preferences on female and

---

6. Texas Tech Mot. to Dismiss, ECF No. 33, at 11.
7. *See Manhattan Community Access Corp.*, 139 S. Ct. at 1927 ("Because this case comes to us on a motion to dismiss, we accept the allegations in the complaint as true.").

non-Asian minority applicants when Stewart filed his lawsuit in January. The Texas Tech defendants deny that the statistics cited in Stewart's complaint prove intentional race or sex discrimination,[8] but proof is not required at this stage of the litigation. All Stewart needs to do is *allege* that the defendants discriminate on account of race or sex. And he does not need to allege "specific facts" in his complaint either. *Compare* Texas Tech Mot. to Dismiss, ECF No. 33, at 12 (complaining that "Stewart has not alleged any specific facts"); *with* supra at pp. 2–3 (citing authorities).

In a footnote, the individual Texas Tech defendants suggest that they should be dismissed because Stewart has not described how each of them was personally involved in the decisions to reject his application. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 11 n.2 ("Stewart does not allege that any of the five individual Texas Tech Defendants were involved in the decision to reject his application."). But Stewart is seeking damages only from the university; he has not sued any of the individual defendants for damages in their personal capacities.[9] And the Fifth Circuit has recently held that university officials may be sued for prospective relief under *Ex parte Young* "due to their governing authority over" a university, regardless of whether a litigant accuses them of direct involvement in the allegedly unlawful act. *See Jackson v. Wright*, -- F.4th ----, 2023 WL 5992750, *3 (5th Cir.).

---

8. *See* Texas Tech Mot. to Dismiss, ECF No. 33, at 11 (claiming that Stewart's "statistical data" is "legally insufficient to show the Texas Tech Defendants use race or sex in admission decisions.").
9. Congress has abrogated state sovereign immunity for claims brought to enforce Title VI and Title IX. *See* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.").

## CONCLUSION

The defendants' motion to dismiss should be denied.

                Respectfully submitted.

                */s/ Jonathan F. Mitchell*

| | |
|---|---|
| Gene P. Hamilton | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | Texas Bar No. 24075463 |
| Vice-President and General Counsel | Mitchell Law PLLC |
| Reed D. Rubinstein* | 111 Congress Avenue, Suite 400 |
| D.C. Bar No. 400153 | Austin, Texas 78701 |
| Andrew J. Block* | (512) 686-3940 (phone) |
| Virginia Bar No. 91537 | (512) 686-3941 (fax) |
| Nicholas R. Barry* | jonathan@mitchell.law |
| Tennessee Bar No. 031963 | |
| America First Legal Foundation | |
| 300 Independence Avenue SE | |
| Washington, DC 20003 | |
| (202) 964-3721 | |
| gene.hamilton@aflegal.org | |
| reed.rubinstein@aflegal.org | |
| andrew.block@aflegal.org | |
| nicholas.barry@aflegal.org | * admitted *pro hac vice* |
| Dated: October 16, 2023 | *Counsel for Plaintiff and Proposed Class* |

# CERTIFICATE OF SERVICE

I certify that on October 16, 2023, I served this document through CM/ECF upon:

Layne E. Kruse
Shauna Johnson Clark
Norton Rose Fulbright LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
layne.kruse@nortonrosefulbright.com
shauna.clark@nortonrosefulbright.com

*Counsel for the UT Defendants*

Benjamin S. Walton
Assistant Attorney General
General Litigation Division
Post Office Box 12548
Austin, Texas 78711
(512) 463-2120 (phone)
(512) 320-0667 (fax)
benjamin.walton@oag.texas.gov

*Counsel for the Texas Tech Defendants*

                                         /s/ Jonathan F. Mitchell
                                        Jonathan F. Mitchell
                                        *Counsel for Plaintiff and Proposed Class*