UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| George Stewart, on behalf of himself and others similarly situated, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 5:23-cv-00007-H |
| Texas Tech University Health Sciences Center, et al. | | |
| Defendants. | | |

**TEXAS TECH DEFENDANTS' REPLY IN SUPPORT
OF MOTION TO DISMISS**

TO THE HONORABLE U.S. DISTRICT JUDGE JAMES WESLEY HENDRIX:

Defendants Texas Tech University Health Sciences Center ("TTUHSC"), Lori Rice-Spearman, Steven Lee Berk, Lindsay Johnson, Hollie Stanton, and Jeri Moravcik (collectively, the "Texas Tech Defendants") jointly file this Reply in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Nothing in Plaintiff's Response (ECF No. 43) negates the Texas Tech Defendants' fundamental arguments showing why Plaintiff lacks standing and has failed to state a claim against them as a matter of law. Accordingly, the Court should dismiss Plaintiff's claims against the Texas Tech Defendants.

1. **Stewart fails to distinguish between factual allegations and conclusory assertions.**

The primary error undergirding Stewart's entire Response is the simple failure to distinguish between factual allegations and conclusory assertions. That failure is fatal to Stewart's entire Response, including both his arguments on standing and his arguments on Rule 12(b)(6).[1]

The Texas Tech Defendants' central argument is simple: Stewart has not alleged any facts that would permit a trier of fact to conclude that any of the Texas Tech Defendants are using race or sex as factors in their admissions decisions. Stewart responds by merely insisting that he need not "allege specific facts," ECF 43 at 2, and that "there is nothing wrong with relying on 'conjecture,'" *id.* at 3. Stewart's arguments are incorrect.

It is well-established that a plaintiff cannot rely on mere conclusions, but must allege actual *facts* that, if proven, would reasonably support those conclusions. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." (emphasis added and internal quotation marks omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation"

---

[1] Stewart's Response relies primarily on his "pleading sufficiency" contentions to support both his standing arguments and his Rule 12(b)(6) arguments. Thus, the Texas Tech Defendants have attempted to reply to Stewart's arguments in collective and streamlined fashion, rather than simply repeating the same arguments under separate headings devoted to each element of standing and the requirements of Rule 12(b)(6).

(internal quotation marks omitted)). Stewart fails to acknowledge the foundational principle that, although a court accepts all *factual allegations* as true, a court most certainly "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

Stewart mistakes the Supreme Court's statement that "detailed factual allegations" are not required, *Iqbal*, 556 U.S. at 678, for the radically different notion that *no* particular factual allegations are required. The Supreme Court has explicitly and repeatedly rejected that notion:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (cleaned up). Again, the Court clarified that "a complaint must contain sufficient *factual matter*," and that a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphases added).

In other words, even when a plaintiff's factual allegations are taken as true, there must still be "[f]actual allegations [that are] enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The federal pleading standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Importantly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line

between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Stewart's arguments flatly contradict these plain directives. Instead of offering factual allegations to support his legal conclusions, Stewart repeatedly offers nothing more than the conclusions themselves. An assertion that a defendant is "discriminating" or "making decisions based on race or sex" is a conclusion, not a supporting factual allegation. Stewart repeats this conclusion over and over again, but he fails to articulate facts that could adequately show how his conclusion might be plausibly inferred. Stewart believes that allegations like these satisfy the pleading standard:

- "Each of the defendant medical schools and universities . . . discriminates on account of race and sex when admitting students by giving discriminatory preferences to females and non-Asian minorities, and by discriminating against whites, Asians, and men." ECF No. 1 ¶ 33 (cited by ECF No. 43 at 3, 8).

- "[T]he race and sex preferences that the defendants have established and enforce prevent Mr. Stewart from competing on equal terms with other applicants for admission to these medical schools." ECF No. 1 ¶ 51 (cited by ECF No. 43 at 1).

- "This injury is caused by the defendants' use of race and sex preferences in student admissions . . . ." ECF No. 1 ¶ 52 (cited by ECF No. 43 at 1, 4, 5 n.3).

- "Each of the defendants is violating Title VI and Title IX by discriminating in favor of female, black, and Hispanic applicants for admission and against whites, Asians, and men." ECF No. 1 ¶ 60 (cited by ECF No. 43 at 3, 5 n.2).

These are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. They are classic "labels and conclusions." *Id.* They are not facts that could reasonably support Stewart's conclusions; they are

simply the conclusions themselves, presented as "naked assertions devoid of further factual enhancement." *Id.* Accordingly, they do not present "more than a sheer possibility that [the Texas Tech Defendants have] acted unlawfully, *id.*, and they do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

Stewart cannot file a lawsuit in federal court based on nothing more than bare assertions that "defendants are discriminating" and "defendants use race and sex in their admission decisions." Those may be Stewart's personal conclusions, but he has not pleaded facts that might allow a jury to reasonably infer that the Texas Tech Defendants do in fact consider race or sex in their admission decisions. Stewart simply accuses the Texas Tech Defendants of doing so and apparently wants to impose all the burdens of litigation on the Texas Tech Defendants to see if maybe his personal beliefs and speculations might be true. That is not how the federal pleading requirements work.

Stewart's failure to provide factual allegations that could possibly (let alone plausibly) support his bare conclusions and speculative accusations requires dismissal of his claims. His pleadings are insufficient as a matter of law, both because they fail to show the basic standing elements and because they fail to state a plausible claim for relief.

**2.    The only arguable "factual allegation" Stewart alleges against the Texas Tech Defendants does not meet his burden.**

Despite his repeated insistence that he does not need to plead any actual facts at all to support his conclusions, Stewart does refer to his allegation of statistical data—the sole factual allegation leveled against the Texas Tech Defendants in his

Complaint. However, Stewart does not meaningfully interact with the Texas Tech Defendants' arguments regarding that allegation. Instead, he simply asserts that "the statistical evidence in his complaint is more than enough to satisfy the 'plausibility' standard of *Twombly* and *Iqbal*." ECF 43 at 9. Such a conclusory statement is hardly an argument, let alone a properly briefed response to the Texas Tech Defendants' arguments regarding Stewart's "statistical data" allegation.

As explained in the Motion to Dismiss, Stewart's appeal to statistical data is insufficient on its face to support any reasonable inference that the Texas Tech Defendants consider race or sex in their admissions decisions. *See* ECF No. 33 at 11–16. Stewart fails to respond to these arguments by even attempting to explain how his alleged statistics might reasonably support an inference of race-based or sex-based decision-making. For example, Stewart's argument minimizes the fact that the Texas Tech Defendants are statutorily *prohibited* from making admissions decisions based simply on MCAT scores. *See* Tex. Educ. Code Ann. § 51.842(b). Complying with section 51.842(a)–(b) necessarily means that the statistical data will *not* show that the top scorers are the ones uniformly selected for admission. But Stewart then faults the Texas Tech Defendants when the data (unsurprisingly) happens to be *consistent* with the statutory requirements—and leaps to accuse them of somehow making decisions based on race and sex. That is not a reasonable inference based on objective statistical data. It is simply a conclusory accusation that rests on speculative leaps of reasoning that are in turn based on factual assumptions

completely inconsistent with existing reality (i.e., the various statutory factors and prohibitions in section 51.842(a)–(b)).

Instead of trying to counter any of these arguments, Stewart simply attempts to sidestep them. First, he disclaims any intent to argue that medical schools should admit applicants based on MCAT scores. ECF No. 43 at 4. But he fails to recognize that his attempt to infer discrimination from mere test score data *necessarily* relies on precisely that argument—test score data cannot support an inference of discrimination unless one assumes that the data "should" reflect that the highest test-takers are admitted.

Second, Stewart claims that he need not try to show that his data "*even suggests* that the Texas Tech [D]efendants are using race or sex in student admissions." *Id.* (emphasis added). This is simply a flat rejection of the federal pleading standard explained above. Stewart most certainly *does* have the burden to plead facts that do *more* than merely "suggest" the Texas Tech Defendants are discriminating. *See Iqbal*, 556 U.S. at 678 (requiring "more than a sheer possibility that a defendant has acted unlawfully," and explaining that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" (internal quotation marks omitted)). Stewart's argument is the very definition of legally insufficient pleadings. *See id.*

Stewart also refers to his generic claim that "nearly every medical school and university in the United States" engages in race-based and sex-based discrimination.

ECF No. 1 ¶ 33; *see also* ECF No. 43 at 3, 9. But a conclusory assertion regarding "nearly every medical school" in the country is insufficient to show what the Texas Tech Defendants actually do. A conclusory assertion regarding a group of medical schools does not bolster conclusory assertions regarding a particular medical school.

In short, Stewart has failed to provide any factual allegations that come close to supporting a plausible inference that the Texas Tech Defendants discriminate on the basis of race or sex. Accordingly, Stewart's claims fail as a matter of law (both for lack of standing and for failure to state a claim).

3. **Stewart's other arguments are ultimately irrelevant and do not demonstrate how his pleadings are sufficient to show standing or to state a claim.**

Besides misconstruing the basic federal pleading requirements, Stewart offers several arguments that are ultimately irrelevant and do not overcome the Texas Tech Defendants' challenges to his pleadings.

Stewart apparently tries to dismiss the Texas Tech Defendants' arguments as a mere burden-of-proof issue. He claims that the Texas Tech Defendants "cannot defeat standing by denying that they use race in their admissions decisions." ECF No. 43 at 8. This misses the mark. The Texas Tech Defendants are not attempting to *prove* that they do not use race or sex in their admissions decisions (although abundant evidence would conclusively establish that fact). They are simply pointing out that Stewart has not even *alleged* any *facts* that, if taken as true, would raise a plausible inference that such discrimination is occurring. Stewart cannot avoid the

deficiencies in his own pleadings by observing the unremarkable fact that a defendant has not affirmatively disproven his conclusory allegations.

Stewart also contends that he need not allege that any of the Texas Tech Defendants denied his own personal application because of his race or sex. *Id.* at 5, 7. But that does not save Stewart's Complaint. The point is that Stewart has not only failed to plead any facts showing "macro-discrimination" on an institution-wide level, but he has also failed to alternatively plead any facts showing "micro-discrimination" against him personally. Stewart has not pleaded factual allegations showing discrimination at *any* level.

Further, Stewart argues that he need not allege that the Texas Tech Defendants have a policy that permits or promotes the use of race or sex as factors for admissions decisions. *Id.* at 5, 9. This also fails to negate the Texas Tech Defendants' challenges to standing and general pleading sufficiency. Stewart may not *have to* plead the existence of a formal written policy that contemplates race or sex as decision-making factors. That is simply one way he could have attempted to plead his case—and yet another way he failed to do so.

* * * * * * *

Stewart sums up his own reasoning when he posits, "All he needs to allege is that the defendants are considering race and sex in medical-school admissions, and that the requested injunction will stop them from doing so." *Id.* at 7. That is precisely the problem—Stewart has *not* in fact properly alleged that the Texas Tech Defendants consider race or sex in their admissions decisions. Simply accusing a

defendant of "discriminating" does not state a cognizable injury,[2] does not trace any such injury to a particular defendant, does not suffice to show that an injunction would actually change *anything* about how the defendant currently makes decisions, and does not satisfy the Supreme Court's plain instructions about what constitutes sufficient *factual* allegations that could support such generic conclusory assertions. Because Stewart's "the-defendant-unlawfully-harmed-me accusation[s]" do not establish standing and do not satisfy basic pleading requirements, this Court should dismiss Stewart's claims against the Texas Tech Defendants. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION & PRAYER

For all the foregoing reasons, as well as the reasons set forth in their Motion to Dismiss, the Texas Tech Defendants respectfully request this Court to dismiss all of Plaintiff's claims against them. The Texas Tech Defendants also request such further relief to which they may be entitled.

---

[2] Stewart confirms that his alleged injury "is not Stewart's denial from the medical school, but the fact that the defendants counted his race and sex counted [sic] against him when he applied." ECF No. 43 at 5. Thus, Stewart must allege *facts* that could, if proven, support a finding that the Texas Tech Defendants actually consider(ed) race or sex as admission factors. Since he has failed to do so, he has failed to establish constitutional standing to bring this suit.

Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Acting Deputy Chief, General Litigation Division

    */s/ Benjamin S. Walton*
**BENJAMIN S. WALTON**
*Lead Attorney*
Texas Bar No. 24075241
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

***Counsel for Texas Tech Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Gene P. Hamilton
Reed D. Rubinstein
Andrew J. Block
Nicholas R. Barry
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
andrew.block@aflegal.org
nicholas.barry@aflegal.org

*Counsel for Plaintiff*

Layne E. Kruse
Shauna Johnson Clark
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel (713) 651-5194
Fax (713) 651-5246
layne.kruse@nortonrosefulbright.com
shauna.clark@nortonrosefulbright.com

*Counsel for the University of Texas Defendants*

                          */s/ Benjamin S. Walton*
                          **BENJAMIN S. WALTON**
                          Assistant Attorney General